UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DeVONTE MOORER ex rel. UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>            -against-<br><br>PAUL B. HIGGINS; LEODAN H. CONTRERAS,<br><br>                    Defendants. | 22-CV-10853 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff DeVonte Moorer, who is presently incarcerated at Upstate Correctional Facility, brings this *pro se* action as a purported "criminal complaint" on behalf of the United States of America against Paul B. Higgins and Leodan H. Contreras, two correctional officers employed at Eastern Correctional Facility ("Eastern C.F.").[1] Plaintiff alleges that Defendants violated his rights while he was confined at Eastern C.F. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

---

[1] The docket of this case lists the United States of America as a defendant.

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not plead the residence of any of the defendants, only asserting that the alleged events giving rise to his claims occurred at Eastern C.F., which is located in Ulster County, New York. Ulster County falls within the Northern District of New York. *See* 28 U.S.C. § 112(a). Because Defendants are employed at Eastern C.F. and the alleged events occurred in Ulster County, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Ulster County, which is in the Northern District of New York. *See* 28 U.S.C. § 112(a). Accordingly, venue lies in the Northern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to change the information on the docket to reflect that, as provided in the caption of this order, Plaintiff Moorer brings this action on behalf of the United States of America.

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 11, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                        Chief United States District Judge